IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                Case Nos.:   4:07cr36/RH/CAS
                                                4:14cv31/RH/CAS
DEMETRIUS S. BLOCKER

---

**REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 39). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND and ANALYSIS

After pleading guilty to controlled substance offenses, Defendant was sentenced on November 13, 2007, to a tem of 240 months imprisonment followed by ten years supervised release (docs. 16–18; 26–28). Almost six years later, on September 16, 2013, Defendant filed a notice of appeal (doc. 30).

Appended to Defendant's notice of appeal is a handwritten note that appears to have been sent from Defendant to the clerk of court requesting an update on the status of Defendant's appeal (doc. 30 at 2). The note is not dated, but bears a date stamp on the bottom of the page with the date of August 29, 2013 (*id.*). There is a handwritten note that appears to be from a former clerk's office employee stating simply "no appeal filed in 4:07cr36   DB" (*id.*). Defendant also attached a September 5, 2013, letter from the Eleventh Circuit which reflected that the letter was in response to Defendant's correspondence received on August 29, 2013, requesting information about his appeal (*id.* at 3). This letter also indicates that no appeal was filed in his case and references both the appellate and district court dockets (*id.*). Apparently then, Defendant filed his notice after receiving this correspondence confirming that no appeal was filed in his case.

The Government moved to dismiss the appeal as untimely (doc. 32), and on October 8, 2013, the district court denied the motion without prejudice, noting that only the Court of Appeals may dismiss an untimely appeal (doc. 33).  The Government filed its motion with the Eleventh Circuit, and the motion was granted (doc. 38). Defendant's appeal was dismissed on December 23, 2013 (*id.*).

Defendant filed the instant motion to vacate pursuant to the prison mailbox rule[1] on January 14, 2014 (doc. 39 at 5). Defendant raises a single ground for relief in his motion. He contends that counsel was constitutionally ineffective because he failed to file an appeal as instructed (*id.* at 3).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's judgment of conviction is dated November 20, 2007 (doc. 27). Because Defendant did not appeal, his conviction became final when the time for doing so expired, on December 4, 2007. The instant motion was not filed until January of 2014, and thus is clearly untimely.

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040. The court will not relieve a litigant who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)).

There is nothing in the instant motion to indicate that Defendant is entitled to invoke the doctrine of equitable tolling. The attachments to his motion suggest that he did not make any inquiry into the status of his appeal until August of 2013. A failure to inquire about the appeal for well over five years does not demonstrate "due diligence." Furthermore, while not dispositive of the question of either Defendant's diligence or the

merits of his assertion regarding counsel's failure to appeal, one of Defendant's own exhibits reflects that notes from his former attorney's file indicate that the two men discussed the possibility of an appeal in 2007, and that Defendant decided not to appeal (doc. 39 at 10). Defendant's motion should be summarily denied and dismissed as untimely.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

    1.    The motion to vacate, set aside, or correct sentence (doc. 39) be summarily **DENIED and DISMISSED** as untimely.

    2.    A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 24<u>th</u> day of January 2014.


                                                s/ Charles A. Stampelos
                                              **CHARLES A. STAMPELOS**
                                              **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636**; <u>United States v. Roberts</u>, **858 F.2d 698, 701 (11th Cir. 1988).**